# Stay *v*. Tennile.

## - *Specific Performance.*

(Decided April 15, 1909. 49 South. 238.)

1. *Contracts; Option; Mutuality.*—An option is unilateral until it has been exercised by the party claiming it, and hence, it is no objection to an option contract that it is wanting in mutuality.

2. *Specific Performance; Contracts Enforcible; Certainty; Time of Performance.*—Where the owners of stock agreed that if any one of the parties desired to sell his stock in the enterprise he should first offer the same to the other parties owning stock, and on the death of any party his heirs, executors or administrators should sell to the other parties owning stock the decedent's stock to the amount of $5,000, or all of decedent's stock if it should be less than that amount, and this at the option of other parties owning stock, before offering the same on the market, the contract was indefinite as to the time when the right of option to purchase would arise, and unless the bill renders the tenure definite by an averment of an offer

[Stay v. Tennille.]

by the adminisratrix to sell the stock or of any intention on her part to sell the same, the contract is unenforcible specifically against the administratrix of such estate, as to the sale of the stock.

APPEAL from Montgomery Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by E. W. Stay against Sarah B. Tennille, administratrix of the estate of A. St. C. Tennille. deceased, to specifically enforce a contract. From a decree sustaining demurrer to the bill complainants appeal. Affirmed.

HOLLOWAY & BROWN, for appellant. Mrs. Tennille as administratrix has complete power to sell and dispose of the stock, except in so far as she may be controlled by the terms of the contract, and if she sells in spite of the contract to an innocent purchaser the complainant's only remedy would be by an inadequate suit for damages.—Sec. 3472, Code 1907; 56 Ala. 461; *Bank v. Sanford,* 43 South. 226. The contract should not be so construed as to impute to the makers any such absurdity as that contended for.—9 Cyc. p. 586. It must affirmatively appear that the parties regarded time or place as an essential element in their agreement. —20 How. 94; 128 U. S. 403. When no time is fixed, the law implies a reasonable time.—114 Ala. 343. The death of Dr. Tennille did not dissolve or discharge the contract.—*Dahm v. Barlow,* 93 Ala. 120; 11 A. & E. Ency of Law, 939; 8 Id. 1007; 18 Cyc. 241; 9 Id. 293. An option is an assignable contract.—*Hannah v. Ingram,* 93 Ala. 482. This contract is not open to attack on the ground of want of mutuality.—21 A. & E. Ency of Law, 928, et seq.; 9 Cyc. 333; 6 L. R. A. (N. S.) 397; *Moses v. McLean,* 82 Ala. 370; *Iron Age Pub. Co. v. W. U. T. Co.* 83 Ala. 498; Brown Statute of Frauds, sec. 366. The idea was that the control of the corporation should not

pass into other hands.—6 Pom. Eq. Jur. secs. 748 and 752. The law implies a reasonable charge where no price is fixed.—10 Bing. 376; Id. 482; 24 A. & E. Ency of Law, 1036; 9 Cyc. 250; 154 Ill. 688; 138 U. S. 1. Uncertainty may be cured by the acts of the party.—26 A. & E. Ency of Law, 38.

FRED S. BALL, for appellee. A test of the bill by the principles declared in the authorities following will disclose several deficiencies which must prevent the complainant from succeeding in this cause.—6 Pom. Eq. Jur. secs. 744-764; 26 A. & E. Ency of Law, 34 and 37; *Manning v. Myer,* 77 Fed. 690. There is a lack of mutuality of obligation and remedy between the parties to the alleged contract.—*Chadwick v. Chadwick,* 121 Ala. 582; *Iron Age v. W. U. T. Co.,* 83 Ala. 509; *Ervin v. Bailey,* 72 Ala. 467.

DOWDELL, C. J.—This is a bill by the complainant, appellant here, against the respondent, Sarah B. Tennille, as the administratrix of A. St. C. Tennille, deceased, seeking a specific performance of a contract entered into by and between the complainant and the respondent's intestate and one I. S. Stanton. The contract, specific performance of which is sought by the bill, is as follows: "State of Alabama, Montgomery County. Whereas, A. S. St. C. Tennille, E. W. Stay, and I. S. Stanton are owners of stock in the Planters' Cotton Oil Company, corporation; and whereas, it is the desire of each party to advance the interest of said corporation and the individual interest of each other by co-operation and otherwise: Now, therefore, know all men by these presents, that the said A. St. C. Tennille, E. W. Stay, and I. S. Stanton, for and in consideration of the premises, mutual interest and protection to each other, and the

sum of one dollar from each to the others in hand paid, the receipt whereof is hereby acknowledged, do hereby agree and bind ourselves, our heirs, executors, and administrators, as follows, to wit: First. It is hereby agreed and understood, by and between the parties hereto, that in the event either party desires to sell and dispose of his stock in the Planters' Cotton Oil Company, or any part thereof, he shall first offer the same for sale to the other two parties, or either of them, and give them the option to buy said stock before offering the same to any one else or placing it upon the market. Second, It is further agreed that in the event either party hereto should die, owning stock in said Planters' Cotton Oil Company, then his heirs, executors, or administrators shall sell and transfer to the other two parties, or either of them, his said stock to the extent of five thousand dollars, or all of said stock, if the same should be less than five thousand dollars, at their option, before offering the same to any one or placing the same upon the market. Witness our hands," etc. The purposes and intentions of the parties in entering into the said contract are expressed in its preamble. The bill was demurred to on a number of grounds, assigned in the demurrer, going to its want of equity; and from the decree of the chancellor sustaining the demurrer the present appeal is prosecuted.

The bill as filed against the administratrix of the deceased contracting party, A. St. C. Tennille, is based upon clause No. 2 of the contract set out. The contract, however, in its entirety, is to be looked to and considered. The contract is treated in argument by counsel on both sides as an option contract. The demurrer takes the point that the contract is wanting in mutuality. As a general rule, this is no objection to an option contract, since an option, until it has been exercised by the party

claiming it, is unilateral.—6 Pomeroy's Eq. Jur. § 773. In the contract before us the option to purchase is dependent and conditional. In the first clause of the contract it is conditional upon the wish or desire of the other party to sell, and until such time the right of option could never arise. The second clause of the contract, and upon which the complainant predicates his bill and asks specific performance, is equally indefinite as to when the right of option would arise—not upon the death of the party to the contract, as counsel for appellant seem to think, but at some indefinite time, "before offering the same to any one else or placing the same upon the market." "A contract that is incomplete, uncertain, or indefinite in its material terms will not be specifically enforced in equity. Following the general rules of equity, there is required a greater degree of certainty and definiteness for specific performance than to obtain damage at law. For specific performance is required that degree of certainty and definiteness which leaves in the mind of the chancellor or court no reasonable doubt as to what the parties intended, and no reasonable doubt of the specific thing equity is to compell done."—6 Pom. Eq. Jur. § 764.

There can be no question that the contract here sought to be enforced is indefinite and uncertain as to the time when the right of option to purchase would arise. Moreover, if it was capable of being rendered certain and definite as to time, there is no attempt to do so by any averment in the bill, as to an offer by the respondent to sell the stock, or of any intention on her part to sell the same. This is sufficient to defeat the equity of the present bill, without considering the other question of incompleteness of the contract in a failure to fix a price of the stock, or the means of determining its value, whenever the option to purchase might arise. Both questions

are raised by the demurrer, but we refrain from a discussion of the latter one, as the necessities of the case do not require it; the one discussed being, in our opinion, fatal to any right to a specific performance of the contract.

It follows that the decree of the chancellor sustaining the demurrer must be affirmed.

Affirmed.

SIMPSON, DENSON, and MAYFIELD, JJ., concur.